UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:12-cr-0026-JPH-TAB |
| | ) | |
| BYRON PIERSON, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On May 4 and May 7, 2018, (Dkt. 71, 72), the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on April 19, 2018.  On September 16 and 18, 2020, (Dkt. 122, 124), the Court held a final revocation hearing of supervised release for Defendant Bryon Pierson.  Defendant Pierson appeared in person and *pro se*.  The government appeared by Kendra Klump, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Timothy Hardy.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.	The Court advised Defendant Pierson of his rights and assured that Pierson had a copy of the petition.

2.	After a contested hearing, the Court found Defendant Pierson guilty of violation numbers 1, 2, and 3.  [Docket No. 63.]

3.	The allegations to which Defendant was found guilty, as fully set forth in the petition, are:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| 2 | **"The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon."** |

On April 15, 2018, Byron Pierson was arrested and charged with Unlawful Possession of a Firearm by a Serious Violent Felon, Battery Resulting in Bodily Injury to a Public Safety Officer, and Resisting Law Enforcement in Marion County, Indiana. According to a police report from the Indianapolis Metropolitan Police Department (IMPD), an officer was dispatched to the 1500 Block of West 27th Street for an intimidation report. The female complainant appeared very scared and frightened during her interaction with the police officer. The complainant stated she filed a report on April 14, 2018, claiming the offender became angry with her and threaten to smashed out the windows of her vehicle. Mr. Pierson allegedly returned to the complainant's residence, proceeded to smash out all the windows in her vehicle, and then fled the scene. She further reported he called her phone repeatedly, and when she refused to answer he came to her residence and beat on the front door yelling threats he would come back and "blow up" her car and "shoot the house up."

On April 15, 2018, IMPD officers were conducting surveillance near the complainants residence. A vehicle fitting the description of the one driven by Mr. Pierson was observed in the area. A traffic stop was initiated, and police approached the vehicle. The offender was sitting in the right rear seat with a baseball cap over his face. The officer requested vehicle registration and identification from both adult occupants. Mr. Pierson was instructed to exit the vehicle by police to conduct a pat down search. He was asked several times to exit the vehicle, but was uncooperative. Officers then attempted to physically removed Mr. Pierson from the vehicle to be handcuffed. He broke away from the police and fled on foot. A short time later, he was apprehended. Mr. Pierson fought with the police, and tasers were deployed to subdue him. Mr. Pierson was found to be in possession of a silver and black Smith and Wesson 40 caliber handgun.

| 3 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
|---|---|

> On March 23, 2018, Byron Pierson submitted a urine specimen which tested positive for methamphetamine and marijuana. He denied the use of any illegal substances. The urine specimen was confirmed positive for methamphetamine and marijuana by Alere Laboratory on April 13, 2018. On April 11, 2018, the offender submitted a urine specimen which tested positive for marijuana.
>
> As previously reported to the Court, on February 16, 2018, Byron Pierson submitted a urine specimen which tested positive for marijuana. He admitted unknowingly consuming a brownie containing marijuana.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is V.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 18 to 24 months' imprisonment.

5. The government argued for a sentence of 24 months. Defendant did not argue regarding sentence.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Date: 9/18/2020

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

Byron Pierson #10472028
Oldham County Detention
Center 3405 West Highway 146
LaGrange, Kentucky 40031